IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIMBERLY S. ATCHISON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 12-1046-GPM |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

      This case is before the Court on a motion to dismiss, which has been filed by Defendant Illinois Department of Corrections ("IDOC") pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 12). In response to IDOC's motion to dismiss, Plaintiff Kimberly Atchison, filed a motion for extension of time to obtain counsel and to amend her complaint (Doc.15). In this motion, Plaintiff requests additional time to obtain counsel but makes a substantive argument in an attempt to clarify her complaint.

      Plaintiff has filed several motions for appointment of counsel. In Magistrate Judge Donald Wilkerson's initial Order denying Plaintiff's motion for appointment of counsel, Judge Wilkerson explained that the issue of counsel may be revisited once IDOC has been served with process and filed an answer or responsive pleading (Doc. 3). Now that IDOC has filed a motion to dismiss and Plaintiff seeks an extension of time to obtain counsel, the Court finds it appropriate to consider whether it should endeavor to recruit counsel for Plaintiff.

From the outset, it is important to note there is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Because no such right exists, the Seventh Circuit Court of Appeals recently explained that to label a motion one for "appointment of counsel" is to imprecise because all district courts can do is simply seek *volunteer* counsel. *Ray v. Wexford Health Sources, Inc.*, 2013 U.S. App. LEXIS, 1601 (7th Cir. 2013). Yet when presented with a request to recruit counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

A review of the papers reveals that Plaintiff has made a reasonable attempt to obtain counsel (*See* Docs. 2 & 10). However, Plaintiff appears fully competent to litigate this case herself as she has filed countless motions and the substance of each motion is reasoned. Plaintiff has made cogent arguments and has articulated her positions on issues that have presented. Accordingly, the Court does not find it an appropriate endeavor to seek volunteer counsel on behalf of Plaintiff.

Next, the Court must consider IDOC's contention that this case should be dismissed for Plaintiff's failure to state a claim upon which relief can be granted. The United States Supreme Court has addressed federal pleading requirements in recent years, *see generally Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Erickson v. Pardus*, 551 U.S. 89 (2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), leading the Seventh Circuit Court of Appeals to issue additional guidance to the district courts.

> Our system operates on a notice pleading standard; *Twombly* and its progeny do not change this fact. *Cf. Smith v. Duffey*, 576 F.3d 336, 339-40 (7th Cir. 2009) (noting courts' over reliance on *Twombly*). A defendant is owed "fair notice of what the

> … claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Under *Conley*, just as under *Twombly*, it is not enough to give a threadbare recitation of the elements of a claim without factual support.

*Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009). A complaint must contain enough facts to state a claim to relief that is "plausible on its face" – the now familiar phrase originally used in *Twombly* – and "also must state sufficient facts to raise a plaintiff's right to relief above the speculative level." *Bissessur*, 581 F.3d at 602-03. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "This said, in examining the facts and matching them up with the stated legal claims, we give 'the plaintiff the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bissessur*, 581 F.3d at 602-03. The Court of Appeals, in an opinion by Circuit Judge Wood, summarized this analysis as follows:

> So what do we take away from *Twombly*, *Erickson*, and *Iqbal*? First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). One month later, Circuit Judge Posner explained: "'[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009), *quoting Iqbal*, 129 S. Ct. at 1950.

In this case, Plaintiff has filed this lawsuit pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq*. The Civil Rights Act makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1). The Civil Rights Act also prohibits employers from taking adverse employment action against an employee as a retaliatory act for opposing impermissible discrimination. *Id*.

A review of the papers reveals that Plaintiff's lawsuit is entirely premised on the omission of her human resources position from a collective bargaining agreement between the American Federation of State County and Municipal Employees (more commonly known as AFSCME) and IDOC. The complaint (Doc. 1) and Plaintiff's motion to amend (Doc. 15) are devoid of any allegation that Plaintiff is a member of a protected category. Moreover, the papers lack a single mention of an adverse employment action taken by IDOC against Plaintiff because of her race, color, religion, sex, or national origin. Accordingly, Plaintiff has failed to plead any "factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

Defendant IDOC correctly notes that simply name checking the phrase "collective bargaining agreement" is insufficient to state a claim because Title VII of the Civil Rights Act "does not speak expressly to the relationship between federal courts and the grievance-arbitration machinery of collective-bargaining agreements." *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). Rather, Title VII of the Civil Rights Act requires a showing of a breach of the duty of

fair representation on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(c); *Greenslade v. Chicago Sun-Times, Inc.*, 112 F.3d 853, 866-67 (7th Cir. 1997).  Even giving Plaintiff the benefit of the imagination, it is clear to the Court that Plaintiff's right to relief does not reach even the speculative level.

The Court is certainly mindful that the purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *See Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir.1990).   However, the Court must balance this purpose with a careful eye toward Federal Rule of Civil Procedure 8, which requires Plaintiff to plead sufficient facts so as to provide adequate notice to Defendant of the claim or claims that have been brought. *Twombly,* 550 U.S. at 570.  Here, Plaintiff has failed to clear the hurdle of Federal Rule 8. Accordingly, IDOC's motion to dismiss (Doc. 12) is **GRANTED**.  This case is **DISMISSED with prejudice**. Judgment shall enter accordingly.  The Clerk of the Court is **DIRECTED** to **CLOSE** this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED**:  May 8, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge